Submitted November 8; affirmed December 15, 2021; appellant's petition for reconsideration filed January 12 allowed by opinion April 13, 2022
See 319 Or App 53, 508 P3d 599 (2022)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**KELLY DALE HOPKINS,**
*Defendant-Appellant.*

Curry County Circuit Court
19CR45352; A173356

502 P3d 785

Jesse C. Margolis, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction for theft in the first degree by receiving (ORS 164.055(1)(c)), raising three assignments of error. We reject defendant's second and third assignments of error without discussion. For the reasons briefly discussed below, we also reject defendant's first assignment of error that contends that the trial court erred in denying his motion to suppress. As a result, we affirm.

A complete recitation of the facts would not benefit the bench, bar, or public. In summary, the owner of a coin and collectibles shop in Brookings discovered one morning that his shop had been burglarized. The owner obtained information from an informant that identified a suspect, defendant, in that burglary. The informant arranged for a meeting in which defendant would attempt to sell back the stolen goods to the owner at the owner's store. Several hours before that planned meeting, the owner relayed the information to the police that defendant was coming back to the store with the stolen goods in an older green van or sport utility vehicle with California plates. Minutes before the planned meeting, he also relayed that defendant was headed into Oregon. When defendant arrived in the county for the meeting, the owner also transmitted information about defendant's location near a Dutch Brothers coffee shop in the vicinity. The officers located defendant sitting in his automobile at the Dutch Brothers. The automobile was similar but not an exact match to the vehicle information that the police had obtained.

The police observed defendant's automobile leave the coffee shop and followed it. After the police observed a traffic violation and later deployed a drug dog, which alerted for drugs in defendant's car, they searched the automobile and found packaged coins, cards, and collectibles. The owner later identified the recovered coins, silver bullion, and cards as ones that had been stolen from his shop.

Defendant moved to suppress, among other things, the evidence found in defendant's vehicle. Defendant argued that police should have obtained a warrant to search

defendant's automobile, contending that the automobile exception did not apply because the police "cannot create [the] exigent circumstances" to fit into that exception. The state responded that (1) the officer's search was legal, (2) a warrant was not required under the automobile exception to the warrant requirement, and, (3) a warrant was not possible based on the limited information that the police had, including the fact that they did not even know when defendant would enter the state or county. The court denied the motion to suppress, concluding that "[t]he vehicle exception does apply. There were exigent circumstances." The court specifically found that the officers did not have sufficient information to obtain a warrant based on their limited knowledge about defendant's vehicle and the fact that they only learned he was driving into Oregon "at the time he came into Oregon or shortly before then."

On appeal, defendant essentially raises two arguments in support of his contention that the trial court erred in concluding that the warrantless search of defendant's automobile did not violate his rights under Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution. He contends that the police manufactured any exigency here such that the *per se* "automobile exception" to the warrant requirement should not apply. He also contends that, because the exception is subject to manipulation by the police, we should abandon the automobile exception to the warrant requirement. With respect to that latter argument, defendant recognizes both that we are bound by precedent recognizing the automobile exception and that the Supreme Court is currently considering a challenge to that exception in *State v. McCarthy*, 302 Or App 82, 459 P3d 890, *rev allowed*, 366 Or 691 (2020). We need not address defendant's second argument. We also disagree with the premise of his first, that the police manufactured an exigency that did not otherwise exist.

The trial court found that there was an exigency that justified a warrantless search of defendant's automobile, which was not dependent on any *per se* rule arising from the automobile exception. The court also found that that exigency was not manufactured by the police; rather, the police were provided information by the victim of the

burglary soon before the victim's own planned meeting with defendant. The trial court further determined that the police would not have been able to obtain a warrant based on the limited information that they had prior to stopping defendant's automobile. Having reviewed the record, there is evidence to support the trial court's findings. We also conclude that the trial court did not legally err in concluding that there were independent exigent circumstances justifying the police search of the automobile that existed apart from the automobile exception. We therefore affirm.

Affirmed.