On appellant's petition for reconsideration filed January 12, reconsideration allowed, former opinion (316 Or App 466, 503 P3d 785 (2021)) withdrawn; reversed and remanded April 13, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KELLY DALE HOPKINS,
*Defendant-Appellant.*

Curry County Circuit Court
19CR45352; A173356

508 P3d 599

Defendant petitions for reconsideration in *State v. Hopkins*, 316 Or App 466, 503 P3d 785 (2021), due to the change in the law announced in *State v. McCarthy*, 369 Or 129, 501 P3d 478 (2021), that abandoned the "automobile exception" to the warrant requirement. Defendant contends that the trial court erred because it did not determine that actual exigent circumstances justified searching defendant's vehicle once it was stopped and seized by police. *Held*: Pursuant to *McCarthy*, vehicles are now subject to the same general "exigent circumstances" exception to the warrant requirement that applies to other types of property. The trial court relied on an incorrect legal standard when it determined that the automobile exception applied and made no express findings concerning the existence of exigent circumstances after the vehicle was seized. Applying the controlling law at the time of appeal, the Court of Appeals concluded that the state failed to meet its burden to prove that there were exigent circumstances that persisted after the vehicle had been seized sufficient to establish that the warrantless search of defendant's car vehicle was lawful. Thus, the trial court erred in denying the motion to suppress the evidence found in defendant's automobile.

Reconsideration allowed; former opinion withdrawn; reversed and remanded.

Jesse C. Margolis, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

SHORR, J.

Reconsideration allowed; former opinion withdrawn; reversed and remanded.

**SHORR, J.**

Defendant petitions for reconsideration of our opinion in *State v. Hopkins*, 316 Or App 466, 503 P3d 785 (2021). In that opinion, we rejected defendant's first assignment of error, which contends that the trial court erred in denying his motion to suppress evidence found in his automobile.[1] *Id.* at 467. Upon further consideration and in light of the Supreme Court's recent opinion in *State v. McCarthy*, 369 Or 129, 501 P3d 478 (2021), which abandoned the "automobile exception" to the warrant requirement, we conclude that the trial court did err in denying the motion to suppress the evidence found in defendant's automobile. As a result, we allow reconsideration, withdraw our former opinion, and reverse and remand.[2]

For context, we restate the facts from the original opinion and briefly summarize the parties' arguments and our holding on appeal.

"In summary, the owner of a coin and collectibles shop in Brookings discovered one morning that his shop had been burglarized. The owner obtained information from an informant that identified a suspect, defendant, in that burglary. The informant arranged for a meeting in which defendant would attempt to sell back the stolen goods to the owner at the owner's store. Several hours before that planned meeting, the owner relayed the information to the police that defendant was coming back to the store with the stolen goods in an older green van or sport utility vehicle with California plates. Minutes before the planned meeting, he also relayed that defendant was headed into Oregon. When defendant arrived in the county for the meeting, the owner also transmitted information about defendant's

---

[1] The trial court granted defendant's motion to suppress evidence that was later discovered at his home. That aspect of the trial court's ruling is not at issue on appeal.

[2] Defendant also raises two assignments of error relating to his trial, including a contention that the trial court committed structural error in instructing the jury that it could return a nonunanimous guilty verdict. The jury returned a unanimous guilty verdict. Because, as we explain below, we remand this case for the possibility of a new trial, we need not reach those two assignments of error. If there is a new trial, the trial court would now understand, in light of a significant recent change to the law that had not occurred at the time of the original trial, that a unanimous-conviction jury instruction is required. *See Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020).

location near a Dutch Brothers coffee shop in the vicinity. The officers located defendant sitting in his automobile at the Dutch Brothers. The automobile was similar but not an exact match to the vehicle information that the police had obtained.

"The police observed defendant's automobile leave the coffee shop and followed it. After the police observed a traffic violation and later deployed a drug dog, which alerted for drugs in defendant's car, they searched the automobile and found packaged coins, cards, and collectibles. The owner later identified the recovered coins, silver bullion, and cards as ones that had been stolen from his shop."

*Hopkins*, 316 Or App at 467.

Before trial, defendant moved to suppress the evidence found in the warrantless search of his vehicle. The state argued that the search was justified under the automobile exception to the warrant requirement because it satisfied that exception's two requirements: 1) the vehicle was mobile at the time it was lawfully stopped and 2) the officers had probable cause to believe that evidence of a crime or contraband would be found in the vehicle. That is, the state argued that, under then-existing law, the state was not required to prove that there was any exigent circumstance preventing police officers from obtaining a warrant to justify a search under the automobile exception. Defendant's primary assertion with respect to the automobile exception was that the police had time to obtain a warrant in the period of time after the store owner first reported the planned meeting to the police but before the store owner's afternoon call informing the police that defendant was in Oregon. Defendant contended that, because the police had created any exigency by failing to seek a warrant earlier, the automobile exception did not apply.

The trial court determined that the officers had probable cause to search the vehicle and that the automobile exception applied to the stop and search. The court also made the following factual findings that supported a determination of exigent circumstances prior to the seizure:

"The vehicle exception does apply. There were exigent circumstances. Law enforcement did not have sufficient

> information to obtain a warrant prior to the time that the
> defendant came into Oregon with the vehicle. While they
> knew that he was a suspect and that he likely had stolen
> property, they didn't understand that he was coming to
> Oregon until that afternoon, and they didn't have sufficient
> information regarding the vehicle that he was driving until
> either *** the time he came into Oregon or shortly before
> then, so time was of the essence. They had good reason to
> stop that vehicle quickly to prevent the loss of evidence."

Subsequently, defendant was convicted by a unanimous jury
of the charge of first-degree theft under the theory of theft
by receiving, ORS 164.055(1)(c).

On appeal, defendant initially urged us to abandon
the automobile exception to the warrant requirement. At
the time, Oregon courts had long recognized the automobile
exception. *See State v. Brown*, 301 Or 268, 274, 721 P2d 1357
(1986) (announcing the former automobile exception to the
warrant requirement of Article I, section 9, of the Oregon
Constitution). However, *McCarthy* was then pending in the
Supreme Court, where it raised a challenge to the continu-
ing validity of the exception. Defendant also argued that,
in any case, the automobile exception should not apply here
because police "manufactured" any exigency that may have
existed prior to the seizure when they failed to obtain a war-
rant after first learning of the planned meeting between the
store owner and defendant.

Noting the Supreme Court's then-pending review
in *McCarthy*, we declined to address defendant's arguments
challenging the automobile exception. *Hopkins*, 316 Or App
at 468. We also rejected defendant's argument that the
police had manufactured the exigency. *Id.* at 468-69. We
concluded that the trial court properly determined that the
officers lacked sufficient time and information to obtain a
warrant prior to stopping and searching defendant. *Id.*

Shortly after our decision in *Hopkins*, the Supreme
Court overruled *Brown* and abandoned the automobile
exception to the warrant requirement. *McCarthy*, 369 Or at
177. In reaching that ruling, the court explained that the
automobile exception was a "subset of the exigent circum-
stances exception." *Id.* at 143 (internal quotation marks

omitted). Under the automobile exception, exigent circumstances were presumed to exist if a vehicle was mobile at the time it was stopped by police. *Id.* at 132. Moving forward, the court explained, "there is no longer a special exigency rule for vehicles. Instead, vehicles are subject to the general 'exigent circumstances' exception to the warrant requirement that applies to other types of property." *Id.* at 147.

The court further explained that, to prove that an exigency existed, "the state must prove that it could not obtain a warrant through reasonable steps, which include utilizing available processes for electronic warrants." *Id.* at 177. Significant to our resolution of this appeal, the court explained that

> "the state must prove that exigent circumstances actually existed at the time of the seizure or the search, *each of which must be separately analyzed.* That is, it must prove that there was a situation requiring swift action to prevent danger to life or serious damage to property, or to forestall a suspect's escape or the destruction of evidence."

*Id.* (internal quotation marks omitted; emphasis added). An exigency "may justify the seizure of a vehicle. But the seizure itself may eliminate any exigency that would justify proceeding further without a warrant. Once officers have seized a vehicle, their control over it may eliminate the need to search it before a warrant application can be processed." *Id.* at 178.

Defendant argues on reconsideration that, due to the change in the law announced in *McCarthy*, the trial court erred because it determined that "actual exigent circumstances justified the police seizing defendant's automobile once it had entered the jurisdiction, but it did not determine that actual exigent circumstances justified searching the vehicle once it was stopped." Rather, defendant contends that the trial court simply relied on the now-abandoned automobile exception to presume that exigent circumstances existed to justify the search. We understand defendant to contend that, even assuming that exigent circumstances supported the initial *seizure* of defendant's automobile, the trial court erred because it wrongfully presumed that exigent circumstances also justified the *search*. In other words,

defendant contends that the trial court erred in concluding that the state had met its burden to prove that exigent circumstances supported the separate search.

Although defendant's argument was not extensively developed below, defendant did similarly contend in the trial court that the state had to demonstrate that actual exigent circumstances existed that prevented the police from obtaining a search warrant. In so arguing, defendant specifically contended that the police "just went ahead and searched the vehicle without even attempting to get a warrant." Further, although that argument was not made with great specificity before us—perhaps because it was subsumed within defendant's argument that we abandon the automobile exception—defendant sufficiently presented that argument on appeal. Indeed, we resolved that argument in our prior opinion, concluding that there were exigent circumstances justifying the search of the vehicle, a conclusion we now withdraw because our resolution on the merits was not correct. *See Hopkins*, 316 Or App at 468.

We now conclude that the trial court relied on an incorrect legal standard when it determined that the automobile exception applied. Its decision was based on the then-existing law that recognized such an exception, but we apply the law existing at the time of appeal. *State v. Jury*, 185 Or App 132, 136-37, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (concluding, in the context of a plain-error issue, that as a general rule we apply the law in effect at the time of the appeal). In light of *McCarthy*, the trial court erred in concluding that the state had met its burden to establish that the warrantless search of the vehicle was lawful.

The trial court's factual findings pertaining to the existence of an actual and not presumed exigency were all specific to the officers' *seizure* of the vehicle, not the search. In other words, the court's findings that the officers had insufficient information to obtain a warrant supported a determination that exigent circumstances existed prior to the *stop* of the vehicle. Once the officers had seized the vehicle, the state was required to prove that the preseizure exigency persisted or that a new exigency justified the search. *McCarthy*, 369 Or at 177-78. However, the trial court made

no express findings concerning the existence of exigent circumstances *after* the vehicle was seized.

We typically presume that a trial court made findings consistent with its ultimate conclusion so long as there is evidence in the record to support those findings. *State v. Blair*, 361 Or 527, 541, 396 P3d 908 (2017). However, that presumption does not apply where the record "shows that such a finding was not part of the trial court's chain of reasoning forming the basis of its ultimate legal conclusion." *State v. Gatto*, 304 Or App 210, 212, 466 P3d 981 (2020) (internal quotation marks omitted). Here, there is no evidence in the record that would support factual findings critical to a determination of exigent circumstances at the point that the officers searched the vehicle. That is, there was no evidence that, once the officers on the scene had seized the vehicle, a warrantless search was necessary "to prevent danger to life or serious damage to property, or to forestall a suspect's escape or the destruction of evidence." *McCarthy*, 369 Or at 142. Given that lack of evidence, the only question on reconsideration is one of law. We conclude that the state failed to meet its burden to prove that there were exigent circumstances that persisted after the vehicle had been seized sufficient to establish that the warrantless search of defendant's vehicle was lawful.

Reconsideration allowed; former opinion withdrawn; reversed and remanded.