No. 411 May 13, 2026 593

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ZAK CHAPPELL,
*Defendant-Appellant.*

Benton County Circuit Court
22CR56670; A184154

Matthew J. Donohue, Judge.

Argued and submitted April 7, 2026.

James Brewer, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Reversed and remanded.

**AOYAGI, P. J.**

Defendant was convicted of driving under the influence of intoxicants (DUII) and reckless driving. On appeal, he contends that the trial court erred by not suppressing the results of a breath test conducted after his arrest. The trial court suppressed some evidence from the traffic stop based on a *Miranda* violation, but it denied suppression of the breath-test results, reasoning that that evidence was sufficiently attenuated from the *Miranda* violation to be admissible. The state does not defend the court's attenuation ruling, but it cross-assigns error to the threshold conclusion regarding the *Miranda* violation and argues for affirmance on that basis.[1] For the reasons explained below, we conclude that the trial court erred in denying defendant's motion to suppress and, accordingly, reverse and remand.[2]

*Facts*. Defendant was stopped for traffic violations. In the ensuing interaction, the officer perceived defendant to be intoxicated from alcohol. After questioning defendant for a minute or two, the officer decided that the circumstances had become sufficiently compelling to require *Miranda* warnings. The officer's giving of the *Miranda* warnings to defendant was captured on his body camera. As shown in the recording, the officer failed to give the full warnings. The officer's face is not visible, which makes it impossible to tell exactly what happened at the key moment, but the upshot is that part of the warnings was omitted, and the trial court expressly found that it was not a video glitch.[3] Believing that defendant had been advised of his *Miranda* rights, the officer resumed questioning him and administered field sobriety tests. He then arrested defendant for DUII and reckless driving. At the police station, defendant was questioned further, and he agreed to a breath test, which revealed a blood alcohol concentration of .18 percent.

---

[1] The trial court made multiple pretrial rulings on the suppression issues.

[2] Defendant pleaded no contest to the DUII and reckless driving charges, reserving his right to appeal the suppression ruling. Having prevailed on appeal, defendant will have the opportunity on remand to withdraw his plea and proceed to trial if he wishes to do so.

[3] The officer did not remember omitting anything when he advised defendant of his *Miranda* rights and could not explain the omission shown by the recording.

*Standard of review.* We review the denial of a motion to suppress for legal error. *State v. Heise-Fay*, 274 Or App 196, 201, 360 P3d 615 (2015). We view the facts consistently with the trial court's factual findings, so long as they are supported by evidence in the record, and its ultimate decision denying the motion. *Id.* at 198.

*Miranda violation.* We begin with the state's cross-assignment of error, which amounts to an alternative basis to affirm. The state accepts the trial court's factual findings regarding the incomplete *Miranda* warning but argues, as it did below, that, even with the missing or garbled words, what the officer said to defendant sufficiently conveyed the required warning as to constitute a legally adequate *Miranda* warning.

To protect a person's right against compelled self-incrimination, the police must give *Miranda* warnings before questioning a person who is in custody or compelling circumstances. *State v. Reed*, 371 Or 478, 486, 538 P3d 195 (2023). The person must be warned that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Miranda v. Arizona*, 384 US 436, 479, 86 S Ct 1602, 16 L Ed 2d 694 (1966); *see also State v. Vondehn*, 348 Or 462, 474-75, 236 P3d 691 (2010) (recognizing similar requirement under Article I, section 12, of the Oregon Constitution and that *Miranda* warnings satisfy the Oregon Constitution).

"The substance of the warnings, not the exact words, determines whether the warnings are adequate." *State v. Quinn*, 112 Or App 608, 616, 831 P2d 48, *rev den*, 313 Or 627 (1992). It is not a "talismanic incantation." *California v. Prysock*, 453 US 355, 359, 101 S Ct 2806, 69 L Ed 2d 696 (1981); *see also Florida v. Powell*, 559 US 50, 60, 130 S Ct 1195, 175 L Ed 2d 1009 (2010) (the Court "has not dictated the words in which the essential information must be conveyed"). Ultimately, the question is whether the words said reasonably conveyed the four warnings identified in *Miranda*. *Duckworth v. Eagan*, 492 US 195, 203, 109 S Ct

2875, 106 L Ed 2d 166 (1989); *State v. Fink*, 285 Or App 302, 309-10, 395 P3d 934 (2017).

Here, we, like the trial court, have repeatedly watched the video of the *Miranda* warnings that were given. Based on that video, which the trial court found accurately portrays what was said to defendant, we agree with the trial court that the warnings were legally inadequate. The officer omitted the warning "that anything [the defendant] says can be used against him in a court of law." *Miranda*, 384 US at 479. Or, more precisely, what the officer said was so incomplete or garbled as to render that particular warning unintelligible in substance. All four warnings have to be conveyed—three is not enough. We reject the cross-assignment of error.

*Attenuation*. Having agreed with the trial court ruling that there was a *Miranda* violation, we next consider attenuation. When a *Miranda* violation occurs, the court generally must suppress any statements and physical evidence derived from the violation. *State v. Jarnagin*, 351 Or 703, 715-16, 277 P3d 535 (2012). If the state argues that certain evidence is attenuated from the violation and should not be suppressed, it is the state's burden to prove that that evidence is not a product of the *Miranda* violation. *State v. Swan*, 363 Or 121, 133, 420 P3d 9 (2018).

Here, the state argued, and the trial court agreed, that the breath-test evidence was sufficiently attenuated from the *Miranda* violation to be admissible, noting that the request for a breath test was not itself interrogation. The state does not defend the attenuation ruling on appeal, essentially conceding that, on this record, the state failed to prove attenuation. Moreover, shortly after this case was argued, we issued our decision in *State v. Cartier*, 348 Or App 602, 604, ___ P3d ___ (2026), holding for the first time that a request for a breath test *is* interrogation for *Miranda* purposes. Defendant preserved that issue below, and both parties address it on appeal, albeit relying on pre-*Cartier* case law that was overruled in *Cartier*. As such, even without the state's concession on attenuation, the breath test results would have to be suppressed because defendant was under arrest when asked to take a breath test, he had

not been properly advised of his *Miranda* rights, and the request to take a breath test was itself interrogation under *Cartier*. We apply the law as it exists at the time the appeal is decided. *State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003); *see also State v. Hopkins*, 319 Or App 53, 58, 508 P3d 599 (2022) (even if the trial court correctly applied the law at the time of its ruling, its decision may be reversed if the law has changed, because "we apply the law existing at the time of appeal").

Accordingly, we conclude that the trial court erred in denying suppression of the breath-test results.

Reversed and remanded.